**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARL ADOLPH FRANTZ, | No. 05-16024 |
| Petitioner - Appellant, | D.C. No. CV-04-00135-WDB |
| v. | |
| HERBERT HAZEY; DORA B. SCHRIRO, Director, | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
William D. Browning, District Judge, Presiding

Argued and Submitted March 22, 2007
San Francisco, California

Before: KOZINSKI, Chief Judge, SCHROEDER, PREGERSON,
O'SCANNLAIN, RYMER, THOMAS, SILVERMAN, GRABER, WARDLAW,
GOULD, PAEZ, BERZON, CALLAHAN, BEA and IKUTA, Circuit Judges.

Karl Adolph Frantz appeals the district court's denial of his petition for a

writ of habeas corpus challenging his conviction by a jury for attempted armed

robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the district court's denial of a habeas petition, *Gill v. Ayers*, 342 F.3d 911, 917 (9th Cir. 2003), and we affirm as to the issues here covered.[1]

Frantz contends that he received ineffective assistance of counsel during plea negotiations in violation of the Sixth Amendment because his attorney failed to investigate the state's allegation that he committed the instant offense while on probation for a Florida offense. We disagree. Frantz failed to show that his counsel's performance fell below an objective standard of reasonableness, or that any deficient performance caused prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court's decision rejecting Frantz's claim therefore was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Frantz's contention that he was denied his Sixth Amendment right to prepare his defense *in propia persona* because he was denied access to the law library at the jail also fails. Frantz was appointed advisory counsel and thus was provided with an alternative means for preparing his defense. *See Bounds v. Smith*, 430 U.S.

---

[1]The district court granted a certificate of appealability with regard to the two claims covered in this memorandum disposition. In a separate opinion, *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc), we reversed the district court's denial of Frantz's petition for a writ of habeas corpus and remanded for an evidentiary hearing on Frantz's claim challenging his exclusion from a chambers conference.

817, 828 (1977) (holding that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*") (emphasis added). To the extent that Frantz asserts that his advisory counsel did not provide him with adequate legal research or assistance, this contention is entirely conclusory and does not entitle him to relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART BY PREVIOUS SEPARATE OPINION.